## IN THE UNITED STATES DITRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRISHA L. JORDAN,<br>on behalf of herself and<br>all others similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | C.A. No. |
| v. | ) <br> ) | TRIAL BY JURY DEMANDED |
| NATIONWIDE INSURANCE<br>COMPANY OF AMERICA, | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

## (PROPOSED) CLASS ACTION COMPLAINT

Plaintiff Trisha L. Jordan, on behalf of herself and all others similarly situated, alleges as follows:

### Introduction: Nature of the Action and Summary of Facts

1. This is an action seeking recovery of compensatory damages, declaratory relief and other relief arising from defendant's breaches of insurance contracts, violations of Md. Code Ann., Insurance §19-508, and otherwise wrongful refusal to honor its contractual obligations arising under certain policies of automobile insurance issued by that defendant, Nationwide Insurance Company of America ("Nationwide"), to the proposed class representative and members of the plaintiff class.

2. This is a class action brought on behalf of those of Nationwide's insureds who, during the period  August 10, 2009 to the present, submitted covered claims for medical expenses, lost income or other benefits under Personal Injury Protection (or "PIP") coverages issued as part of Nationwide's Maryland insurance contracts; but whose claims, though not disputed by

4999

Nationwide at the time, were not paid by Nationwide at any time prior to the expiration of the 30-day period under Md. Code Ann., Insurance §19-508.

### The Parties

3.  Plaintiff Trisha L. Jordan is a natural person residing at 3817 Parkview Avenue, Gwynn Oak, MD 21207.  Ms. Jordan is or was an insured (for purposes of PIP coverage) under a certain Nationwide automobile insurance policy.  The Nationwide automobile insurance policy issued to or otherwise insuring Ms. Jordan (the "Nationwide policy") was in effect on October 16, 2009.

4.  The Nationwide policy provided automobile insurance, including PIP coverage, for a certain vehicle in which Ms. Jordan was traveling on October 16, 2009.

5.  Ms. Jordan has tendered claims for PIP benefits under the subject policy to Nationwide, including claims tendered on his behalf by health care providers.  Ms. Jordan's PIP claims arise under Md. Code Ann., Insurance §§19-505 and 19-508.

6.  Defendant Nationwide Insurance Company of America is a Wisconsin corporation with offices at 1100 Locust Street, Des Moines, Iowa, 50391.  It is engaged in the business of insurance, and regularly sells automobile insurance within the State of Maryland.

### Factual Background Applicable to the Proposed Class

7.  Nationwide is a prolific underwriter of automobile insurance in Maryland, including PIP coverages issued for persons injured while driving or occupying motor vehicles.

8.  At all times relevant to this case, Nationwide has derived substantial revenues from the sale of automobile insurance products (including PIP coverage) in Maryland.

## The Statutory 30-Day Standard

9.  Under Md. Code Ann., Insurance §19-505, each insurer that issues, sells or delivers a motor vehicle liability insurance policy in Maryland must provide coverage for certain medical, hospital and disability benefits in specified minimum amounts.  This coverage, widely known as Personal Injury Protection, includes payment of up to $2,500 for "all reasonable and necessary expenses that arise from a motor vehicle accident and that are incurred within 3 years after the accident for necessary prosthetic devices and ambulance, dental, funeral, hospital, medical, professional nursing, surgical, and x-ray services," along with payment of "85% of income lost . . . within 3 years after, and resulting from, a motor vehicle accident . . . ."

10.  Under Md. Code Ann., Insurance §19-508, insurers must make payment of PIP benefits "periodically as claims for the benefits arise and within 30 days after the insurer receives satisfactory proof of claim."  Section 19-508 further provides, under subdivision (c), that overdue payments of PIP benefits (that is, payments not made within the prescribed 30-day period) "shall bear simple interest at the rate of 1.5% per month."

## Nationwide's Wrongful Conduct

11.  Nationwide routinely fails to pay covered PIP claims, including claims for medical expenses and lost income, within the 30-day statutory period under Md. Code Ann., Insurance §19-508.

12.  In addition to violating the statutory requirement of payment for covered PIP claims within 30 days, Nationwide routinely ignores its obligation to pay the statutory interest owed in such cases.  Nationwide thus owes to the plaintiff Ms. Jordan, and to all members of the proposed class, interest under Md. Code Ann., Insurance §19-508(c).

## Allegations Specific to the Proposed Class Representative

13.  Plaintiff Trisha L. Jordan was injured in an automobile collision in or near Fulton, MD on October 16, 2009.  At the time of the collision, Ms. Jordan was traveling in a vehicle covered under the Nationwide policy, which (as alleged above) was in effect at that time.  These circumstances operated to make Ms. Jordan an insured under the Nationwide policy (for purposes of PIP coverage) as of October 16, 2009.

14.  Ms. Jordan has tendered to Nationwide various claims for PIP benefits arising out of the October 16, 2009 collision.  For administrative or other purposes, Nationwide has assigned to those claims the dedicated claim number 21109005255.  In presenting those claims for processing and payment by Nationwide, Ms. Jordan has satisfied all conditions precedent to Nationwide's contractual performance.

15.  In connection with his claims for PIP benefits, Ms. Jordan has been subjected by Nationwide to the systematic practices complained of above at paragraphs 11 and 12.

16.  Nationwide has delayed payment of covered PIP benefits to Ms. Jordan without reasonable justification.

17.  Nationwide has failed to pay or deny Ms. Jordan's claims for PIP benefits within 30 days of its receipt of satisfactory proof of claim, in violation of Md. Code Ann., Insurance §19-508.

18.  Nationwide has failed to pay to Ms. Jordan's interest owed to him under Md. Code Ann., Insurance §19-508.

## Class Certification Allegations

19.  This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1)(A), (2) and (3).  Plaintiff Trisha L. Jordan

4

brings this action on behalf of herself and all others similarly situated, as representative of the following proposed class: All of Nationwide's insureds who, during the period August 10, 2009 to the present, submitted covered claims for medical expenses, lost earnings or other benefits under PIP coverages issued as part of Nationwide's Maryland insurance contracts; but whose claims, though not disputed by Nationwide at the time, were not paid by Nationwide at any time prior to the expiration of the 30-day period under Md. Code Ann., Insurance §19-508(c).

20. Specifically excluded from the proposed class are those persons who have already secured recovery against Nationwide in connection with the practices complained of, whether by settlement or judgment; and Nationwide's officers, directors, employees, agents or legal representatives, or the successors or assigns of any of them.

21. *Numerosity of the Class (Fed. R. Civ. P. 23(a)(1)).* The proposed class is so numerous that the individual joinder of all its members is impracticable. Nationwide has been, at all relevant times, among Maryland's most prolific underwriters of PIP coverage; and it remains so today. While the exact number and identities of the proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 2,000 members.

22. *Existence and Predominance of Common Questions of Law and Fact (Fed. R. Civ. P. 23(a)(2), 23(b)(3)).* Common questions of law and fact exist as to all members of the proposed class. They include, without limitation, the following:

a. Whether Nationwide engages in the delay of payment for covered PIP benefits in Maryland as a matter of regular business practice;

b. Whether Nationwide engages in the practices complained of in paragraphs 11 and 12 above as a matter of regular business practice;

c. Whether Nationwide owes statutory interest to the proposed class members under Md. Code Ann., Insurance §19-508(c); and

d. Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages.

23. *Typicality of Claims (Fed. R. Civ. P. 23(a)(3)).* Plaintiff Trisha L. Jordan's claims are typical of the claims of the members of the proposed class. Ms. Jordan is a Nationwide insured with pending, unpaid claims for interest under Md. Code Ann., Insurance §19-508. As alleged above, Ms. Jordan has been subjected to the systematic practices identified in paragraphs 11 and 12 above. All members of the proposed class have been subjected to these same systematic practices; and all members of the proposed class, including Ms. Jordan, are entitled to statutory interest.

24. *Adequacy of Representation (Fed. R. Civ. P. 23(a)(4)).* Ms. Jordan is under no actual or potential conflict of interest with respect to other members of the proposed class, and will fairly and adequately protect their interests. She has retained attorneys experienced in the prosecution of complex litigation, complex coverage litigation, and PIP-related class action litigation.

25. *Superiority of Class Action (Fed. R. Civ. P. 23(b)(3)).* A class action is superior to other available methods of adjudication for this dispute, because individual joinder of all members of the proposed class is impracticable, and no other method of adjudication of the claims asserted herein is more efficient and manageable. Further, the damages suffered by individual members of the proposed class may be relatively modest, so that the burden and expense of prosecuting individual actions would make it difficult or impossible for such members to obtain relief. The prosecution of such individual actions would also impose a

substantial burden on Maryland's trial courts.  At the same time, individualized litigation would

entail a significant risk of varying, inconsistent or contradictory judgments, and would magnify

the delay and expense to all parties and the courts, by requiring multiple trials for the same

complex factual issues.  By contrast, the class action mechanism presents fewer case-

management problems; conserves the resources of the parties and the courts; and protects the

rights of each member of the proposed class.  The proposed class members thus have little

interest in individually controlling the prosecution of separate actions; and to counsel's

knowledge, there has been no substantial litigation of this dispute in any forum.  It is not

anticipated that the prosecution of this dispute as a class action will entail any special case-

management difficulties; and notice of the pendency of this action, and of any resolution of the

same, can be provided to the proposed class by publication and/or individual notice.

26. ***Other Grounds for Certification.***  This action is also certifiable under Federal Rules

of Civil Procedure 23(b)(1) and (2) because:

a.  The prosecution of separate actions by the individual members of the proposed class

would create a risk of inconsistent or varying adjudications with respect to such individual class

members, thus establishing incompatible standards of conduct for Nationwide; and

b.  Nationwide has acted or refused to act on grounds generally applicable to the class,

thereby making appropriate declaratory relief with respect to the class as a whole.

## COUNT I

### Declaratory Judgment

27.  Plaintiff Trisha L. Jordan, on behalf of herself and all others similarly situated,

repeats and incorporates by reference the allegations set forth in paragraphs 1 through 26 above.

7

28. Nationwide has entered into automobile insurance contracts with many of the proposed class members. Where Nationwide has not entered into any automobile insurance contract with a proposed class member, that class member is an intended third-party beneficiary of a Nationwide automobile insurance contract for purposes of PIP coverage.

29. Under Maryland law, and under the obligations imposed by the respective Nationwide insurance contracts at issue herein, Nationwide was required to pay covered claims for PIP benefits.

30. Under Maryland law, and under the obligations imposed by the respective Nationwide insurance contracts at issue herein, Nationwide was required to pay covered claims for PIP benefits with reasonable promptness.

31. Nationwide has failed to pay the proposed class members' covered claims for PIP benefits with reasonable promptness.

32. Nationwide has failed to pay the proposed class members' covered claims for PIP benefits within the (reasonable) time prescribed by Md. Code Ann., Insurance §19-508.

33. An actual controversy of a justiciable nature exists between plaintiff Trisha L. Jordan, on behalf of herself and all others similarly situated (on the one hand) and Nationwide (on the other), concerning the parties' rights and obligations under the subject Nationwide insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

34. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Breach of Contract

35.  Plaintiff Trisha L. Jordan, on behalf of herself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 34 above.

36.  Under Maryland law, and under the obligations imposed by the respective Nationwide insurance contracts at issue herein, Nationwide was required to pay covered claims for PIP benefits with reasonable promptness.  More specifically:

a.  On information and belief, Nationwide drafted the insurance contracts at issue herein.

b.  The insurance contracts at issue herein are contracts of adhesion.

c.  In drafting the insurance contracts at issue herein, Nationwide did not specify a time of performance with respect to the payment of covered PIP claims under Md. Code Ann., Insurance §19-505.

d.  Because Nationwide's insurance contracts are silent as to time of performance, a reasonable time of performance must be implied by law under the Nationwide contracts.

e.  The 30-day period for payment of covered PIP claims under Md. Code Ann., Insurance §19-508 is a conclusively reasonable time of performance as a matter of law.

f.  The Nationwide insurance contracts contain an implied term requiring compliance with the 30-day standard under Md. Code Ann., Insurance §19-508.

37.  Nationwide has failed to pay the proposed class members' covered claims for PIP benefits with reasonable promptness, thus breaching the respective Nationwide insurance contracts at issue herein.

38. Nationwide has failed to pay the proposed class members' covered claims for PIP benefits within the (reasonable) time prescribed by Md. Code Ann., Insurance §19-508, thus breaching the respective Nationwide insurance contracts at issue herein.

39. Nationwide has breached the contracts of insurance at issue herein by delaying payment of covered claims for PIP benefits.

40. As a direct result of Nationwide's breaches of the insurance contracts at issue herein, plaintiff Trisha L. Jordan and all others similarly situated have been deprived of the benefit of the insurance coverage for which premiums were paid under those contracts. As a further result of Nationwide's breaches of contract, plaintiff Trisha L. Jordan and all others similarly situated are entitled to payment by Nationwide of statutory interest under Md. Code Ann., Insurance §19-508(c).

WHEREFORE, plaintiff Trisha L. Jordan, on behalf of herself and all others similarly situated, respectfully requests that this Court enter judgment as follows:

a. Entering an Order certifying the plaintiff class, appointing plaintiff Trisha L. Jordan as representative of that class, and appointing Ms. Jordan's counsel to represent that class, all pursuant to Federal Rule of Civil Procedure 23;

b. Declaring the parties' rights, duties, status or other legal relations under the subject insurance contracts;

c. Awarding to plaintiff Trisha L. Jordan and all others similarly situated compensatory damages, including incidental and consequential damages, for Nationwide's breaches of its insurance contracts;

d. Awarding to plaintiff Trisha L. Jordan and all others statutory interest for Nationwide's violations of Md. Code Ann., Insurance §19-508;

10

e.  Awarding to plaintiff Trisha L. Jordan and all others similarly situated all costs of this action; and

f.  Awarding such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

THE LAW OFFICES OF STEVEN HEISLER

Steven Heisler, No.
1011 North Calvert Street
Baltimore, MD 21202
(410) 252-6713

Of Counsel:

JOHN SHEEHAN SPADARO, LLC

John S. Spadaro, Delaware Bar No. 3155
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
(302)235-7745

Attorneys for plaintiff Trish L. Jordan
(on behalf of herself and all others similarly
situated)

August 10, 2012