UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

January 11, 2013

MEMO TO COUNSEL RE: Trisha L. Jordan v. Titan Indemnity Co.
Civil No. JFM-12-2387

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant's motion to dismiss plaintiff's complaint. The motion is granted but plaintiff is granted leave to file an amended complaint on or before January 30, 2013 as to her breach of contract claim.[1]

As to plaintiff's claim for declaratory relief, it is clear from the papers that have been filed that plaintiff is seeking, in the guise of a claim of declaratory relief, an injunction which she has no standing to pursue in light of the fact that she no longer is a policy holder of defendant. Because plaintiff has filed class claims, her lack of standing to pursue a claim for injunction is a matter of importance. She obviously cannot represent an injunction class.

As to plaintiff's breach of contract claim, she has not alleged any facts to demonstrate the date on which she submitted to defendant, as required by her insurance policy, a PIP claim setting forth "detailed information on the nature and extent of bodily injury, injury treatment received and contemplated, and anything else that my help us determine amounts payable." The omission of that date is critical to plaintiff's breach of contract claim because until such information was provided, the 30-day period for paying a PIP claim was not triggered. In that regard, it is not sufficient, as argued by plaintiff, that defendant opened a claim file when plaintiff first submitted a PIP claim and ultimately honored the claim. It may well be that defendant opened the claim file when plaintiff initially submitted the claim but did not make any payment on the claim until the required information was provided by plaintiff.

For these reasons defendant's motion to dismiss both of the claims asserted by plaintiff is granted. However, plaintiff will be granted leave to file an amended complaint (if she can do so) on or before January 30, 2013, alleging the date on which she provided to defendant the

---

[1] The case was originally filed against Nationwide Insurance Company of America. Plaintiff's insurer, Titan Indemnity Company, is an affiliate of Nationwide. Defendant's counsel has agreed to substitute Titan Indemnity Company as a defendant for Nationwide. I express my appreciation, as plaintiff's counsel has done, for the professionalism exhibited by defendant's counsel in effecting this substitution.

information required by her insurance policy.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Very truly yours,

      /s/

      J. Frederick Motz
      United States District Judge